UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ELIAS MARTINEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:07-CV-350 TLS |
| | ) | |
| EDWARD BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Elias Martinez, a *pro se* prisoner, filed this habeas corpus petition (DE 1) challenging his demotion in credit class by the Disciplinary Hearing Board (DHB) on May 16, 2007. In ISO 07-05-0020, the DHB found that he used or possessed one or more cigarettes in violation of B-245. The respondent has responded to the order to show cause and submitted the administrative record. Martinez, despite having been alerted by the respondent to his opportunity to file a traverse (DE 4 ¶ 6), has not done so. The deadline for a traverse having long since passed, the Court will now rule on this habeas corpus petition.

Martinez presents only one ground in this challenge.

> I plead guilty to a code violation 245. At the time of my incident leading to the conduct report, several other individuals (4 total) also received a 245 conduct report. All the other individuals lost earned credit time. All these individual were Caucasian. I am Hispanic and I was the only individual demoted in time class. This is a clear case of discrimination. The charges were precisely the same, with the exception of the sanctions imposed. As a result, I am losing more credit time than the Caucasian. No explanation was cited for the discrepancy in sanctions.

(Pet. 3–4.) As the petitioner, Martinez has "the heavy burden of showing actual bias." *Bracy v. Schomig*, 286 F.3d 406, 411 (7th Cir. 2002).

> [W]hen a prisoner who seeks a writ of habeas corpus *provides competent evidence* (such as an affidavit by someone with personal knowledge of the events) contradicting an assertion by the prison disciplinary board on a material question of

fact pertinent to an issue of constitutional law, the district court must hold an evidentiary hearing to determine where the truth lies.

*Johnson v. Finnan*, 467 F.3d 693, 694 (7th Cir. 2006) (emphasis added). Here, Martinez has not provided any competent evidence. All the Court has before it is the allegation in the petition. This allegation is insufficient because it merely alleges that the prisoners were charged with the same offense but not that the factual basis of their violations were the same. For example, one could violate the rule against possessing one or more cigarettes by having only one cigarette, or by having "one huge and two large (approx. 2-3 lb.'s) [sic] bags of tobacco with several packs of rolling paper mixed in," as Martinez did. (Report of Conduct; DE 5-2 at 1).

Furthermore, even if the factual basis for all of these offenses were the same, there is no allegation that the offender histories were the same. The DHB indicated that the sanction was selected not only because of the seriousness of the offense, but also because of the "Frequency/Nature" of the offense and the "[l]ikelihood of the sanction having a corrective effect on the offender's future behavior." (Report of Disciplinary Hearing, DE 5-5 at 1.) Without an allegation that Martinez and the Caucasian inmates were similarly situated except for their different ethnic backgrounds, a prima facie case of discrimination has not been alleged, much less established. As such, Martinez has not met his burden, and habeas corpus relief may not be granted on this petition.

For the foregoing reasons, the habeas corpus petition is **DENIED**.

SO ORDERED on April 8, 2008.

    s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION